CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:12CR00066-03 |
| | ) | (Civil Action No. 7:17CV81225) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EMMA LETICIA NAJERA, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Emma Leticia Najera, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, to which Najera has responded, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Najera's motion to vacate will be denied.

## Background

Najera was indicted by a federal grand jury on August 23, 2012. Count One of the indictment charged her with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Najera entered a plea of guilty to that count on December 11, 2014.

On March 25, 2015, the court sentenced Najera to a term of imprisonment of 121 months. The criminal judgment was entered that same day. Najera did not appeal her conviction or sentence.

On January 3, 2017, Najera moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[1] Najera claims that her attorney provided ineffective assistance because of a conflict of interest.

On February 2, 2017, the government moved to dismiss Najera's § 2255 motion as untimely. Najera filed a response to the government's motion on February 24, 2017. The matter is now ripe for review.

## **Discussion**

A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year period runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, Najera concedes that her motion was not filed within one year of the date on which her judgment of conviction became final. As indicated above, the criminal judgment was entered on March 25, 2015. Her conviction became final fourteen days later, on April 8, 2015, when her opportunity to note an appeal expired. See Fed. R. App. P. 4(b)(1)(A); see also United

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), an inmate's pleadings are filed when placed in the prison's internal mail system. Najera has certified, under penalty of perjury, that her § 2255 motion was submitted for mailing on January 3, 2017.

2

States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014). Under § 2255(f)(1), Najera had one year from that date to file a timely § 2255 motion. Because she did not file the instant § 2255 motion until January 3, 2017, the motion is clearly untimely under § 2255(f)(1).

Najera does not contend that any of the alternative accrual dates set forth in subsections (2), (3), and (4) of § 2255(f) apply to her motion. Instead, Najera argues that she is entitled to equitable tolling. Specifically, Najera claims that the limitation period should be equitably tolled on the basis of her "language limitations," and "because she suffers from a mental impairment . . . due to a history of rape, abuse and domestic violence." Def.'s Br. in Support of § 2255 Mot. 2-3, Docket No. 296. For the following reasons, the court finds Najera's arguments unpersuasive.

A petitioner is entitled to equitable tolling only if she shows that she has pursued her rights diligently and that some extraordinary circumstance prevented her from filing on time. See Holland v. Florida, 560 U.S. 631, 649 (2010). The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is reserved for "those 'rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

To the extent Najera argues that equitable tolling is warranted on the basis of her limited ability to communicate in English, the record reveals that her alleged language difficulties did not prevent her from filing a motion for reduction of sentence on September 10, 2015. Nor did they prevent her from requesting a waiver of her fine and special assessment on October 26, 2015. Because Najera was able to communicate with the court in a clear and competent manner

3

during the relevant time period, the court is unable to conclude that her difficulties with English precluded her from filing a § 2255 motion in a timely manner. See United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (holding that "the complexity and lucidity of Sosa's numerous court filings . . . foreclose[d] any serious contention that Sosa's lack of English proficiency would justify equitable tolling"); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (noting that the record, which included detailed letters from the defendant regarding legal issues, belied the petitioner's claim that his language difficulties warranted equitable tolling).

Moreover, even if the court were to consider her language barrier an extraordinary circumstance, Najera has failed to show that she exercised reasonable diligence in pursuing relief under § 2255. See Holland, 560 U.S. at 653; see also Perez v. Dowling, 634 F. App'x 639, 645 (10th Cir. 2015) ("[E]ven if we were to consider his issues with counsel and his language barrier an extraordinary circumstance, Perez has not shown that he has diligently pursued his federal claims."). The exhibits submitted in support of Najera's motion indicate that she successfully completed the Bureau of Prisons' English-As-A-Second-Language ("ESL") program on June 9, 2016, and that she was named ESL Student of the Year on May 19, 2016. Although she communicated with the court on several occasions in the weeks following her completion of the ESL program, she waited nearly seven months before seeking relief under § 2255. On this record, the court is unable to conclude that her language challenges warrant equitable tolling of the statutory filing deadline.

The court is likewise unable to conclude that equitable tolling is warranted on the basis of Najera's alleged mental impairment. As a general rule, courts will apply equitable tolling because of a petitioner's mental condition or disability "only in cases of profound mental incapacity." Sosa, 364 F.3d at 513 (citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136,

1138 (9th Cir. 1998)); see also Vazquez-Rivera v. Figueroa, 759 F.3d 44, 50 (1st Cir. 2014) ("[E]quitable tolling is available in principle but only if the plaintiff show[s] that the mental disability was so severe that the plaintiff was unable to engage in rational thought and deliberate decision making sufficient to pursue [her] claim alone or through counsel.") (citation and internal quotation marks omitted). While the court is sympathetic to Najera's history of abuse, she has failed to establish that her resulting mental impairment rises to this level of severity. Accordingly, the circumstances identified by Najera do not warrant the application of equitable tolling.

## Conclusion

For the reasons stated, the court concludes that Najera's § 2255 motion is untimely. Thus, the court will grant the government's motion to dismiss and deny Najera's motion. Additionally, because Najera has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 28th day of APRIL, 2017.

_____
Chief United States District Judge