CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:12CR00066-03 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| EMMA LETICIA NAJERA, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) United States District Judge |

In March of 2015, the defendant, Emma Leticia Najera, was sentenced to a term of imprisonment of 121 months for her role in a conspiracy to distribute methamphetamine. Several months later, the defendant moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.). That amendment, which became effective November 1, 2014, reduced the offense levels assigned to drug quantities listed in U.S.S.G. § 2D1.1 by two levels. The court denied the defendant's motion because she was sentenced after the effective date of the amendment and therefore already received the benefit of the two-level reduction. The defendant has now filed a motion for reduction in sentence based on Amendment 780 to the Sentencing Guidelines. For the following reasons, the motion will be denied.

Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" are those found in U.S.S.G. § 1B1.10. Dillon v. United States, 560 U.S. 817, 826 (2010). Subsection (d) of § 1B1.10 lists the amendments identified by the Sentencing Commission for retroactive application under § 3582(c)(2). Amendment 780 is not included in the list of amendments. See § 1B1.1(d).

Moreover, the amendment on which the defendant relies does not provide an independent basis for receiving a reduction in sentence. Amendment 780 revised § 1B1.10, which contains the policy statement that determines eligibility for relief under § 3582(c)(2), and inserted the following in subsection (c):

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c); see also United States v. Williams, 808 F.3d 253, 260 (4th Cir. 2015). Thus, "Amendment 780 applies upon resentencing if a defendant is otherwise eligible for resentencing under Section 3582(c)(2) based on an applicable retroactive amendment. It is not an independent vehicle to obtain a reduction." United States v. Cook, No. 16-6441, 2017 U.S. App. LEXIS 16873, at *6 (6th Cir. Sept. 1, 2017).

Finally, the court notes that the government did not file a substantial assistance motion in the defendant's case. Thus, even if the defendant were eligible for a sentence reduction based on Amendment 782, Amendment 780 would be inapplicable.

For all of these reasons, the defendant is not entitled to a reduction in sentence under 18 U.S.C. § 3582(c)(2). Accordingly, her motion will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 27th day of September, 2017.

/s/ Jon McCrae
United States District Judge