CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2018

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:12CR00066 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| EMMA LETICIA NAJERA, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

On March 25, 2015, the defendant, Emma Leticia Najera, was sentenced to a term of imprisonment of 121 months for her role in a conspiracy to distribute methamphetamine. The following year, Najera filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines.[1] The court denied the defendant's motion on November 4, 2016. Najera has now filed a motion for reconsideration based on the United States Court of Appeals for the Fourth Circuit's decision in United States v. Carbajal, No. 16-4358, 2018 U.S. App. LEXIS 2378 (4th Cir. Jan. 31, 2018). For the following reasons, the motion will be denied.

As the court explained in its previous order, a district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18

---

[1] Amendment 794 amended the commentary to § 3B1.2 of the Sentencing Guidelines, which provides for varying reductions to a defendant's offense level if the defendant's participation in the offense was minimal, minor, or somewhere in between. The amendment took effect on November 1, 2015, after the defendant's conviction became final.

U.S.C. § 3582(c)(2). The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only if "the guideline range applicable to [the] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below . . . ." U.S.S.G. § 1B1.10(a)(1).

The amendments listed in subsection (d) of § 1B1.10 do not include Amendment 794. See U.S.S.G. § 1B1.10(d). Consequently, a reduction based on Amendment 794 would not be consistent with the applicable policy statement, and is therefore not authorized by § 3582(c)(2). See United States v. McNeill, 671 F. App'x 67, 68 (4th Cir. 2016) ("Section 1B1.10(d) of the Guidelines lists the amendments that receive retroactive application, and this list does not include Amendment 794. Therefore, Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding.").

The Fourth Circuit's recent decision in Carbajal, on which Najera relies, does not counsel a different outcome. That decision involved the direct appeal of a sentence imposed after Amendment 794 went into effect. Although the amendment's clarifications applied to the defendant's request for a minor-participant reduction, the Fourth Circuit was unable to determine from the record "whether the district court analyzed [the defendant's] culpability relative to the average participant in the conspiracy or considered the factors now listed in the commentary to § 3B1.2." Carbajal, 2018 U.S. App. LEXIS 2378, at *17. Accordingly, the Fourth Circuit found it appropriate to vacate the judgment and remand the case for resentencing. Id.

Unlike the defendant in Carbajal, Najera is attempting to collaterally attack the validity of her sentence. On collateral review, a clarifying amendment applies only if the Sentencing Commission made it retroactive. See United States v. Goines, 357 F.3d 469, 480 (4th Cir. 2004)

(holding that "a defendant may rely on a clarifying or hybrid amendment to support a § 3582(c)(2) motion, <u>so long as the amendment has been designated for retroactive application</u> and would result in application of a sentencing range lower than the range applied at the original sentencing proceeding") (emphasis added). As indicated above, Amendment 794 was not made retroactive. <u>See</u> U.S.S.G. § 1B1.10(d). Accordingly, it does not provide a basis for relief under § 3582(c)(2).

For these reasons, Najera's motion for reconsideration must be denied.[2] The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 21st day of March, 2018.

_____
Senior United States District Judge

---

[2] In passing, the court notes that even if Amendment 794 had been designated for retroactive application, Najera would not be entitled to relief. In short, based on the evidence before the court and the factors set forth in the commentary to § 3B1.2, the court remains convinced that Najera did not play a role in committing the offense that made her "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, app. n. 3(A). Accordingly, Najera would not qualify for a downward adjustment.